**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KURT L. LEACH,

    Plaintiff,

v.                                                                                                             Case No. 18-12313

MICHAEL J. BOUCHARD et al.,

    Defendants.

                                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Kurt Leach filed a *pro se* complaint on July 24, 2018, alleging various constitutional claims against defendants in Oakland Country. (ECF No. 1.) Plaintiff's request to proceed without payment of filing fees (ECF No. 2) was denied because his financial affidavit was incomplete. (ECF No. 6.) Plaintiff never submitted an updated financial affidavit, and on September 20, 2018, the court ordered Plaintiff to show cause for why his complaint should not be dismissed for failure to prosecute. (ECF No. 7.) The court warned Plaintiff that failure to respond may result in dismissal of his case. Plaintiff did not respond to the court's order to show cause as required and, therefore, the court dismissed his case. (ECF No. 8.) Nearly two months after the court dismissed Plaintiff's case, Plaintiff filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 11(b) and 60(b). (ECF No. 9.) For the reasons explained below, the court will deny the motion.

Federal Rule of Civil Procedure 11 explains the signature requirements for filings in federal court—Rule 11 provides no basis for altering a final judgment. Under Federal

Rule of Civil Procedure 60(b), a federal district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The standard for relief under Rule 60(b) is high because the rule is "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Plaintiff does not articulate a legitimate basis for relief under any subsection of Rule 60(b). He argues that dismissal of his complaint is unjust because he was permitted to proceed without prepayment of fees in another case he brought in the Eastern District of Michigan. Even if Plaintiff was permitted to proceed without prepayment of fees in another case, that does not excuse him from his obligation to submit completed documentation to this court or to comply with this court's orders. Plaintiff failed to comply with court orders, and his case was dismissed as a result. This case does not present the type of "unusual and extreme situations" Rule 60(b) is intended to remedy. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment (ECF No. 9) is DENIED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2019, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-12313.LEACH.motion.for.relief.from.judgment.HEK.docx